UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-20112-LENARD/Elfenbein

**JMB URBAN 900 DEVELOPMENT PARTNERS, LTD**,

    Plaintiff,

v.

**LIZA HAZAN**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on: (1) Defendant Liza Hazan a/k/a Elizabeth Hazan's ("Hazan") Emergency Motion to Strike Registration of Foreign Judgment against Judgment Debtor (the "Motion to Strike Judgment"), ECF No. [17]; and (2) Hazan's Supplement to Motion to Strike Judgment (the "Supplement"), ECF No. [29]. The Honorable Joan A. Lenard referred this matter to me "to hear and determine [the Motion] and all related motions and pleadings." *See* ECF No. [23]. The Court has carefully reviewed the Motion and the record in this case.

**I.    BACKGROUND**

This action arises out of a protracted debt collection dispute rooted in a Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), *In re Liza Hazan a/k/a Elizabeth Hazan*, Case No. 16-10389-RAM (S.D. Fla. Jan. 11, 2016) ("*In re Hazan*"). On January 11, 2016, Hazan filed a petition for relief under Chapter 11 of the Bankruptcy Code wherein she owed obligations to multiple creditors. *See In re Hazan*, Doc. [1]. Among them was JMB Urban 900 Development Partners,

LTD ("JMB"), which held a final judgment from the Circuit Court of Cook County, Illinois, in the amount of $664,380.47 (the "Illinois Judgment"). *See In re Hazan*, Docs. [44], [60].

On April 18, 2016, JMB filed an adversary proceeding in the Bankruptcy Court, Adv. Proc. No. 16-01188 (the "Adversary Proceeding"), seeking a determination that the debt underlying the Illinois Judgment was nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (6), on the grounds that Hazan had obtained money through fraud. *See JMB Urban 900 Development Partners, Ltd. v. Hazan*, Adv. Proc. No. 16-01188 (S.D. Fla. April 18, 2016) ("*Adv. Proc.*"), Doc. [1] at ¶1. The Adversary Proceeding was resolved by an Agreed Final Judgment entered on July 20, 2016 (the "Adversary Proceeding Judgment"). *See Adv. Proc.*, Doc. [21]. Under that judgment, the parties agreed that: (1) Hazan owed JMB $275,000 as a nondischargeable debt to be paid by July 20, 2018; and (2) the Adversary Proceeding Judgment "shall be the surviving judgment against Hazan and shall be deemed to replace the [Illinois Judgment], which shall no longer be valid or enforceable." *See id*. at ¶¶1-2.

The Bankruptcy Court confirmed Hazan's Chapter 11 plan in June 2018. *See In re Hazan*, Doc. [691]. The confirmed plan incorporated and provided for the payment of JMB's $275,000 nondischargeable claim on or before July 20, 2018. *See In re Hazan*, Doc. [563] at 21. Hazan allegedly made no payments to JMB pursuant to the confirmed plan. *See in re Hazan*, Doc. [1481]; ECF No. [30] at 2. In June 2025, Christopher Kosachuk ("Kosachuk") acquired the JMB claim by assignment and commenced a series of collection efforts across multiple courts and forums. *See In re Hazan*, Doc. [1484] at 1-2; *Adv. Proc.*, Doc. [28]; *JMB Urban 900 Development Partners Ltd. v. Hazan et al*, 25-CV-23860-EIS (S.D. Fla. August 27, 2025) ("*Removal Action*"). On June 25, 2025, Kosachuk filed, on behalf of JMB in *In re Hazan*, a Motion to Reopen Case, to Dismiss Case with Prejudice and Restore its Petition Day Creditor Status. *See In re Hazan*, Doc. [1481].

By Order dated July 7, 2025, the Bankruptcy Court denied that motion. *See id.*, Doc. [1484]. The Bankruptcy Court found that Kosachuk had acquired the claim to fabricate standing and continue litigation against Hazan, noting the "lengthy and tortuous history" of litigation between the Parties across multiple forums. *See id.* at 2. The Bankruptcy Court directed that Kosachuk's remedy, if any, was to pursue a breach of contract claim in a non-bankruptcy forum based upon the terms of the confirmed plan. *See id.* Kosachuk appealed that ruling, and the United States District Court for the Southern District of Florida dismissed the appeal on September 17, 2025. *See In re Hazan*, Doc. [1503].

Also on June 25, 2025, Kosachuk filed in the Adversary Proceeding a Motion to Reinstate Illinois State Court Judgment pursuant to 11 U.S.C. § 349(b), arguing that because Hazan had defaulted on her confirmed plan, the case should be treated as constructively dismissed and the original Illinois Judgment should be reinstated in the principal amount of $664,380.47 plus interest. *See Adv. Proc*, Doc [28] at 1, 6. On December 29, 2025, the Bankruptcy Court denied that motion on two independent grounds. *See Adv. Proc.*, Doc [38]. First, the Court held that 11 U.S.C. § 349(b) applies only upon dismissal of a bankruptcy case, and Hazan's Chapter 11 case has never been dismissed. *See id.* at 2. Second, the Court held that the Adversary Proceeding Judgment expressly replaced and extinguished the Illinois Judgment, which "shall no longer be valid or enforceable." *See id.* That same day, the Bankruptcy Court also set a briefing schedule, requiring Kosachuk to respond to Hazan's Motion to Strike and Request for Judicial Notice by January 26, 2026, and permitting Hazan to file a reply by February 16, 2026, after which the Court indicated it would rule on the pending matters with or without a hearing. *See Adv. Proc.*, Doc [39].

Rather than await a ruling under the Bankruptcy Court's briefing schedule, on January 8, 2026, Kosachuk commenced the instant action in this Court by registering the Adversary

Proceeding Judgment as a foreign judgment, *see* ECF No. [1], using the certification that the Bankruptcy Court clerk issued on December 1, 2025. *See Adv. Proc.*, Doc [30]. Hazan filed her Emergency Motion to Strike Judgment on January 12, 2026, ECF No. [17], followed by the Supplement thereto addressing the additional garnishment motions and writs issued after January 12, 2026, ECF No. [29]. On January 28, 2026, the Court held a Hearing on the Motion to Strike Judgment and the Supplement, at which time the Court raised the convoluted and protracted litigation history between Hazan and Kosachuk in multiple forums, ultimately taking all matters under advisement. *See* ECF No. [40].

## II. LEGAL STANDARD

A federal district court has original jurisdiction over all civil proceedings "arising under" or "related to" cases under Title 11 of the United States Code. 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), the district court may refer any such proceeding to the bankruptcy judges of the district, and Local Rule 87.2 provides that all proceedings "arising under" or "related to" cases under Title 11 have been automatically referred to the bankruptcy judges of this District. A proceeding is "related to" a bankruptcy case if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (adopting the *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) "conceivable effect" test in this Circuit)).

This test is deliberately broad, explaining that jurisdiction exists provided the proceeding "could conceivably" affect the estate, even if it ultimately may not. *See id*. Courts in this District have applied this standard to refer proceedings to the Bankruptcy Court where the pending claims

would require them to decide issues that could impact the administration of the bankruptcy estate, including questions of authority over estate assets and the validity of transactions connected to the bankruptcy. *See e.g. Zahran v. Ocean Bank*, No. 06-CV-2286 -MOORE, 2007 WL 10085561, at *1 (S.D. Fla. June 6, 2007).

Even where referral to the bankruptcy court is not warranted — or where, the court declines to transfer — the district court retains broad inherent authority to stay its own proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55 (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935), *overruled on other grounds*, 485 U.S. 271 (1988)).

In determining whether to refer or stay a matter pending bankruptcy court proceedings, courts in this District consider "such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Solodko-Gimenez*, No. 12-MC-20909, 2012 WL 13134193 (S.D. Fla. June 27, 2012), *report and recommendation adopted*, No. 12-MC-20909, 2012 WL 13134192 (S.D. Fla. July 20, 2012) (quoting *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000)). Additional factors include "efficient use of judicial resources" and "prevention of delay." *See id.* (quoting *In re Tousa, Inc.*, Case No. 10-CV-60206, 2010 WL 1644456, at *3 (S.D. Fla. Apr. 19, 2010)). Consistent with this framework, courts may allow the bankruptcy court to

address pending matters — including dispositive motions — before the district court intervenes. *See id*. at \*2.

## III. DISCUSSION

### A. This Action Is "Related To" the Bankruptcy Case

As a threshold matter, this action is "related to" *In re Hazan* and the Adversary Proceeding within the meaning of 28 U.S.C. § 1334 and the Eleventh Circuit's "conceivable effect" test. *See In re Toledo*, 170 F.3d at 1345. Kosachuk commenced this action by registering the Adversary Proceeding Judgment — a judgment entered by the Bankruptcy Court — and immediately sought writs of garnishment and execution against Hazan's bank accounts. The enforceability of that judgment, and whether it survives the confirmed Chapter 11 plan as an independently executable instrument, turns entirely on events and rulings in the Bankruptcy Court. A ruling by this Court permitting or barring collection on that judgment could alter Hazan's liabilities and freedom of action, and would directly impact the Bankruptcy Court's ongoing administration of the overlapping enforcement and plan-effect disputes it is already actively managing. *See Zahran*, 2007 WL 10085561, at \*1 (finding "related to" jurisdiction where district-court claims would require deciding issues affecting administration of the bankruptcy estate); *see Adv. Proc.*, Doc [39] (setting briefing schedules for several motions, including Hazan's Motion to Strike, Doc. [35], Hazan's Motion for Judicial Notice, Doc. [36], Kosachuk's Motion for Writ of Execution, Doc. [31], and three separate Motions for Writs of Garnishment, Docs. [32], [33], [34]). The "conceivable effect" threshold is deliberately broad, *see In re Toledo*, 170 F.3d at 1345, and it is plainly satisfied here.

### B. Transfer to the Bankruptcy Court Is Not Warranted.

Although this action is "related to" *In re Hazan* and the Adversary Proceeding, the Court

declines to transfer or refer it to the Bankruptcy Court. The referral mechanism under 28 U.S.C. § 157(a) and Local Rule 87.2 exists to channel bankruptcy-related disputes to the court best positioned to resolve them. *See Zahran*, 2007 WL 10085561, at *1. That purpose is not served where, as here, the party seeking transfer simultaneously argues in the Bankruptcy Court that it is powerless to provide the very collection relief at issue here. *See Adv. Proc.*, Doc [35] at 5-6. Indeed, the Court takes judicial notice that, in the Adversary Proceeding before the Bankruptcy Court, Hazan contends that the Adversary Proceeding Judgment is unenforceable, that collection cannot proceed in the bankruptcy forum, and that Kosachuk must start over with a new breach-of-contract action in state court; yet, before this Court, she simultaneously argues that the Bankruptcy Court is the proper forum. *See* ECF No. [17] at 10; ECF No. [29] at 11; *Adv. Proc.*, Doc. [35] at 5-6. Further underscoring the forum-shopping concern, Hazan removed Kosachuk's separate state court action against her — filed in response to the Bankruptcy Court's directive that Kosachuk pursue his claims in a non-bankruptcy forum — to this Court in Case No. 25-CV-23860-EIS, thereby ensuring that even the very forum the Bankruptcy Court directed Kosachuk to use was pulled into federal court at Hazan's initiative. *See Removal Action*, Case No. 25-CV-23860-EIS, ECF No. [1].[1] In short, until five days ago when the Removal Action was dismissed, the same two litigants (Hazan and Kosachuk) were fighting about overlapping debt collection issues in three different forums — the Bankruptcy Court, the Removal Action pending before Judge Sanchez, and this action.

      A transfer under these circumstances to the Bankruptcy Court would not channel this

---

[1] During the Hearing held in this matter on January 28, 2026, Kosachuk explained that the Removal Action was based on the original Illinois Judgment that had been discharged, so he was no longer prosecuting that case. See ECF No. [40]. Consistent with those representations, Kosachuk orally moved to dismiss the Removal Action without prejudice, which was granted. *See Removal Action*, Case No. 25-CV-23860-EIS, ECF No. [34].

Case 1:26-cv-20112-JAL   Document 49   Entered on FLSD Docket 02/24/2026   Page 8 of 11

CASE NO. 26-CV-20112-LENARD/Elfenbein

dispute to a single coherent forum — it would effectively ensure that no court has authority to adjudicate Kosachuk's collection efforts. The Court will not facilitate that outcome. *Cf. In re Solodko-Gimenez*, 2012 WL 13134193, at *1 (noting that the goals of bankruptcy referral include "decreasing forum shopping and confusion" and "facilitating the bankruptcy process," not impeding it).

### C. A Stay Pending the Bankruptcy Court's Rulings Is Warranted.

Although Hazan's request for a transfer to the Bankruptcy Court is denied, the Court concludes that a stay of these proceedings is appropriate under the Court's inherent authority. *See Landis*, 299 U.S. at 254–55. The relevant factors weigh clearly in favor of a stay. First, the issues before this Court and those pending before the Bankruptcy Court are substantially overlapping, if not identical. The Bankruptcy Court's December 29, 2025 scheduling order reflects that the Bankruptcy Court is actively adjudicating Hazan's motion to strike the same category of collection relief — writs of execution and garnishment — that Kosachuk is now pursuing in this Court. *See Adv. Proc.*, Doc [39] at 1-2. Proceeding in parallel risks precisely the inconsistent rulings that *Landis* stays are designed to prevent.

Second, the Bankruptcy Court is the court best positioned to resolve the threshold questions on which this case turns. Whether the confirmed plan superseded the Adversary Proceeding Judgment, whether it remains independently enforceable, and whether collection efforts based on it are procedurally proper are all questions that arise directly from the Bankruptcy Court's own prior orders and the structure of the confirmed plan. *See In re Solodko-Gimenez*, 2012 WL 13134193, at *2 (recommending that the bankruptcy court be permitted to address pending and dispositive matters before the district court intervenes, in the interest of judicial economy and uniformity).

Third, the stay will be narrow and time-limited. The Bankruptcy Court set a briefing schedule requiring Kosachuk to respond by January 26, 2026 and permitting Hazan to file a reply by February 16, 2026, after which the Bankruptcy Court indicated it will rule on the pending motions either with or without a hearing. *See Adv. Proc.*, Doc [39] at 2. That briefing period has now closed, and the Parties have filed their respective briefs, meaning the Bankruptcy Court's rulings on the overlapping enforcement and plan-effect questions may be forthcoming in the near term. A stay of limited duration pending those rulings will not prejudice either party, and the Bankruptcy Court's resolution of those issues will materially inform — and may be dispositive of — the questions presented in this action. If anything, the advanced posture of the Bankruptcy Court proceedings reinforces the wisdom of a brief stay; the Court would be needlessly expending resources adjudicating questions that another court is already positioned to decide.

Fourth, the goals that guide this Court's exercise of discretion in the bankruptcy referral context — "advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process" — are equally applicable here and all point toward a stay rather than parallel proceedings. *See In re Solodko-Gimenez*, 2012 WL 13134193, at *1 (quoting *In re Simmons*, 200 F.3d at 741).

### IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. These proceedings are **STAYED** pending the resolution of the motions currently pending before the United States Bankruptcy Court for the Southern District of Florida in Adv. Proc. No. 16-01188-RAM.

2. Hazan's Emergency Motion to Strike Registration of Foreign Judgment, **ECF No. [17]**, is **DENIED WITHOUT PREJUDICE** and is subject to renewal, if appropriate, after the

CASE NO. 26-CV-20112-LENARD/Elfenbein

Bankruptcy Court has ruled on the pending matters in the Adversary Proceeding.[2]

3. Hazan's Supplemental Emergency Motion to Strike Additional Motions for Writs of Garnishment, Writs of Garnishment, and Motion for Writ of Execution, **ECF No. [29]**, is **DENIED WITHOUT PREJUDICE** and is subject to renewal, if appropriate, after the Bankruptcy Court has ruled on the pending matters in the Adversary Proceeding.

4. The Motion for Writ of Execution, **ECF No. [28]**, is **DENIED WITHOUT PREJUDICE** and is subject to renewal, if appropriate, after the Bankruptcy Court has ruled on the pending matters in the Adversary Proceeding.

5. Garnishee, Bank of America, N.A.'s Amended Motion for Protective Order, **ECF No. [44]**, is **DENIED WITHOUT PREJUDICE** and is subject to renewal, if appropriate, after the Bankruptcy Court has ruled on the pending matters in the Adversary Proceeding.

6. The Parties **SHALL** file a joint status report **every thirty (30) days** from the date of this Order, advising the Court of the current status of the proceedings in Adv. Proc. No. 16-01188-RAM, including whether the Bankruptcy Court has issued any rulings on the pending motions. The first status report shall be due thirty (30) days from the date of this Order.

7. After the Bankruptcy Court issues its rulings on the pending motions in Adv. Proc. No. 16-01188-RAM, any party may move to lift the stay, attaching a copy of the Bankruptcy Court's orders, and renew the motions denied herein without prejudice, if appropriate. Such renewed motions shall address the impact, if any, of the Bankruptcy Court's rulings on the issues presented in this action.

---

[2] The Court notes that these motions were largely duplicative of one another. *Compare* ECF No. [17] *with* ECF No. [29]. The Court expects that, to the extent it is appropriate for Hazan to renew the Motion to Strike Judgment in the future after the Bankruptcy Court issues its ruling, Hazan will not file duplicative motions and will instead consolidate all arguments into a single motion.

CASE NO. 26-CV-20112-LENARD/Elfenbein

**DONE and ORDERED** in Chambers in Miami, Florida on February 23, 2026.

.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record